T.C. Summary Opinion 2018-54

UNITED STATES TAX COURT

ANDY AKAY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5300-16S.                          Filed December 3, 2018.

Andy Akay, pro se.

<u>Nicholas R. Rosado</u>, for respondent.

SUMMARY OPINION

CARLUZZO, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code of 1986 in effect

when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue

(continued...)

entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

This is a partner-level affected items deficiency proceeding under the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. No. 97-248, sec. 402(a), 96 Stat. at 648. On December 9, 2015, respondent issued to petitioner affected items notices of deficiency for 2008 and 2009 (notices) that determined deficiencies of $28,072 and $5,974, respectively, in his Federal income tax.

After concessions, the issue for decision is whether petitioner should have included in income capital gains of $251,579 and $85,429 for 2008 and 2009, respectively.

## Background

Some of the facts have been stipulated and are so found. When the petition was filed, petitioner resided in California.

Petitioner is the tax matters partner of AYM, LLC (AYM), a limited liability company formed in or around 2003. During the years in issue and for Federal income tax purposes AYM was treated as a partnership.

---

[1](...continued)
Code (Code) of 1986, as amended, in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure.

AYM purchased land in 2005 with the intent to develop an office building on it. In 2008 AYM obtained a loan and used the proceeds to pay AYM expenses related to the development of the office building, including grading, architectural, and engineering services.

Certain amounts were repaid on the loan in 2011 and 2015; however, petitioner could not recall, nor does the record establish, whether the repayments were made by AYM, petitioner, or otherwise.

As a result of an examination conducted in accordance with TEFRA, administrative adjustments were made to AYM's 2008 and 2009 Federal income tax returns. Following AYM's examination petitioner, as AYM's tax matters partner, received a notice of final partnership administrative adjustment (FPAA) dated June 28, 2013, and filed a petition in this Court with respect to the FPAA. Ultimately, that proceeding was resolved by a stipulated decision entered on September 11, 2014.[2] In the stipulated decision the parties agreed to the following adjustments to AYM's partnership items:

---

[2]AYM. LLC v. Commissioner, T.C. Dkt. No. 16704-13 (Sept. 11, 2014) (final decision).

2008

| Partnership item | As reported | As determined |
| --- | --- | --- |
| Partner cash contributions | -0- | $118,219 |
| Distributions--money (cash/securities) | -0- | 391,286 |

2009

| Partnership item | As reported | As determined |
| --- | --- | --- |
| Partner cash contributions | -0- | $60,443 |
| Interest | -0- | (7,562) |
| Portfolio income--interest | -0- | 291 |
| Net loss from self-employment | -0- | (7,562) |
| Distributions--money (cash/securities) | -0- | 151,934 |

On the basis of on those adjustments, respondent issued to petitioner the notices determining, among other things, that petitioner received distributions in excess of basis for 2008 and 2009 of $254,057 and $83,929, respectively.[3]

## Discussion

Section 731(a)(1) governs the recognition of gain or loss on partnership distributions and provides, in part, that gain is not recognized to the recipient partner except to the extent of any money distributed in excess of the adjusted

---

[3]Petitioner did not contest other adjustments made in the notices of deficiency and therefore those issues are deemed conceded. See Rule 34(b)(4).

basis of the partner's interest in the partnership immediately before the distribution.

Petitioner agrees that he received distributions for 2008 and 2009 as stipulated in the decision entered on September 11, 2014. He now disputes only his share of partnership liabilities for 2008 and 2009. That is relevant because any increase in a partner's share in partnership liabilities shall be treated as a contribution of money by the partner to the partnership, increasing the partner's basis in his partnership interest. See secs. 752(a), 722.

The regulations promulgated under section 6231(a)(3) clarify that the determination of a partner's share of partnership liabilities is a partnership item.[4]

---

[4]Sec. 301.6231(a)(3)-1(a), Proced. & Admin. Regs., states, in relevant part, that

the following items which are required to be taken into account for the taxable year of a partnership under subtitle A of the Code are more appropriately determined at the partnership level than at the partner level and, therefore, are partnership items:

(1) The partnership aggregate and each partner's share of each of the following:

\* \* \* \* \* \* \*

(v) Partnership liabilities (including determinations with respect to the amount of the liabilities, whether the liabilities are nonrecourse, and changes from the preceding taxable year) * * *

That being so, petitioner's share of AYM's liabilities was or should have been determined in the partnership-level proceeding.  See <u>Dakotah Hills Offices Ltd. P'ship v. Commissioner</u>, T.C. Memo. 1996-35.  It follows that petitioner's share of partnership liabilities cannot and will not be reconsidered in this partner-level proceeding.  Because petitioner does not otherwise dispute the adjustments made in the notices, and to reflect the foregoing,

<u>An appropriate order will be issued granting respondent's motion to dismiss for lack of jurisdiction and to strike with respect to partnership liabilities, and decision will be entered for respondent</u>.